IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID BROWN (#K77874), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 1672 |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| | ) | |
| KIM DUVALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motion for attorney representation [32] is denied without prejudice. Plaintiff's motion for extension of time [33] to respond to Defendants' motion for summary judgment is granted. The briefing schedule on Defendants' motion for summary judgment is modified as follows: Plaintiff's response to Defendant's motion for summary judgment is due April 18, 2016. Defendants' reply is due May 9, 2016.

## STATEMENT

Plaintiff David Brown, a Stateville Correctional Center inmate, brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that he was exposed to inhumane conditions of confinement during a six-month stint in segregation that began in December 2014. Defendants are Kim Duvall, Salvador Godinez, and Tarry Williams. At the most recent status hearing on December 16, 2015, Defendants informed the Court that there were no outstanding discovery requests. [26]. In response to the Court's inquiry, Plaintiff informed the Court that he sought no further information. [26]. The Court set a dispositive motion schedule, ordering Defendants to file their motion by February 1, with Plaintiff to respond by April 4, and Defendants to reply by April 25. Before the Court are Plaintiff's renewed motion for attorney representation and his motion for extension of time to respond to Defendants' motion for summary judgment.

Plaintiff's motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must consider (1) whether the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) whether this particular plaintiff appears

competent to litigate the matter himself given the factual and legal complexity of the case. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has indicated that he has contacted several law firms seeking representation but has not been successful. Nevertheless, after considering the relevant factors and examining Plaintiff's filings to date, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted.

Plaintiff argues that, although his education includes some college, he is less educated than practicing attorneys. This fact, however, is common to all *pro se* litigants. Plaintiff is educated at a level beyond that of many prisoners, and Plaintiff's filings continue to be organized and thoughtful. Although Plaintiff, like most *pro se* litigants, has a limited knowledge of the law and faces the general obstacles presented by the fact of his incarceration, including limited law library access, he has presented arguments with supporting law. Plaintiff, in fact, successfully responded to the Court's earlier order regarding whether he had exhausted his administrative remedies prior to filing suit. [6]; [7]. Finally, this case is not particularly complex and is of the type frequently litigated by *pro se* plaintiffs. The Court also indulges reasonable requests for additional time for written responses, due to limited law library access and resources for incarcerated Plaintiffs.

Although Plaintiff again asserts that he has been diagnosed with mental illnesses, Plaintiff has not explained how these conditions or medications affect his ability to coherently and competently pursue his case. *See Olson*, 750 F.3d at 712. Given the continued quality of Plaintiff's submissions, without more, the Court cannot glean from Plaintiff's mere diagnoses that Plaintiff is unable to competently litigate this case. Plaintiff has pursued discovery, albeit with some instruction from the Court regarding how to submit his requests for documents and the tools available to pro se litigants. [25]. Most importantly, the Court spoke with Plaintiff on December 16, 2015, and Plaintiff expressed his understanding that discovery was closed and the case was proceeding to summary judgment. The Court concludes that Plaintiff can manage this stage of the litigation, given the wide latitude he will be granted in the handling of his lawsuit.

Plaintiff now says that Defendants' responses to his discovery requests were "elusive" and lacked documents Plaintiff needs to support his claims, including incident reports, work orders, supply ordering forms, "employee's responsibility documents," or complaints by other inmates. Plaintiff says he was unable to flesh out his claims or move to compel defendants because of his lack of representation. But

this argument is difficult to credit because Plaintiff told the Court at the last status hearing that he required nothing further from Defendants. The Court then explained the next steps, including the prospect of Defendants' motion for summary judgment, to the Plaintiff. In any case, Plaintiff does not explain why his listed items are necessary to respond to Defendants' motion. This case raises the conditions of Plaintiff's confinement over a six-month period. Many of the key facts regarding what Plaintiff allegedly endured, the actions he took to pursue a remedy prior to filing this lawsuit, and Defendants' responses (or lack thereof), generally are within Plaintiff's unique knowledge. In his deposition, which is attached to Defendants' Rule 56.1 Statement of Undisputed Facts as Exhibit B, Plaintiff testified regarding the conditions he endured and his actions to obtain help. [29-2]. Defendants also served upon Plaintiff a Rule 56.2 Notice to Pro Se Litigant Statement, which provides information regarding the required components for a response to a summary judgment motion, along with citations to the applicable rules, including Federal Rule of Civil Procedure 56 and this Court's Local Rule 56.1. [30]. The notice also provides information regarding submitting documents and declarations in support of Plaintiff's claims. Plaintiff is encouraged to carefully review the Rule 56.2 Notice and the rules cited within it, for additional guidance.

The Court grants Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment. Plaintiff asserts that he did not receive Defendants' motion until nearly two weeks after it was filed and that his law library time is limited. In light of the apparent delay in Plaintiff receiving Defendants' motion and the limitations Plaintiff faces, the briefing schedule on Defendants' motion is extended by two weeks, as set forth above.

ENTER:

Date: 3/1/16

Manish S. Shah
U.S. District Judge